## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | § Chapter 11 |
| | § |
| MLN US HOLDCO LLC, *et al.*,[1] | § Case No. 25-90090 (CML) |
| | § |
| Debtors. | § (Jointly Administered) |
| | § |

## DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

By this application (this "Application"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") seek entry of an order (the "Proposed Order"), substantially in the form attached hereto, pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules"), authorizing the retention and employment of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss" or

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Mitel. The Debtors' service address for purposes of these chapter 11 cases is: 2160 W Broadway Road, Suite 103, Mesa, Arizona 85202.

the "Firm") as the Debtors' attorneys.  In support of this Application, the Debtors rely upon (a) the declaration of John T. Weber, a partner of Paul, Weiss (the "Weber Declaration"), attached hereto as **Exhibit A**, and (b) the declaration of Gregory Hiscock, the Debtors' General Counsel (the "Hiscock Declaration"), attached hereto as **Exhibit B**, and respectfully state as follows:

## Background

1.      On March 9 and March 10, 2025 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On March 10, 2025, the Court entered an order authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 [Docket No. 32]. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no statutory committees have been appointed or designated.

2.      A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Janine Yetter in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 18] (the  "First Day Declaration").[2]

## Jurisdiction and Venue

3.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order").  This matter is a core

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

proceeding within the meaning of 28 U.S.C. § 157(b).  The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.     Venue of these chapter 11 cases and this Application is proper pursuant to 28 U.S.C. § 1408.

5.     The bases for the relief requested herein are sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, Local Rules 2014-1 and 2016-1, and the Procedures for Complex Cases in the Southern District of Texas (the "Complex Case Procedures").

### Relief Requested

7.     The Debtors seek entry of the Proposed Order, substantially in the form attached hereto, authorizing the Debtors to retain and employ Paul, Weiss as their attorneys in connection with the prosecution of these chapter 11 cases in accordance with the terms and conditions set forth in the engagement letter dated as of May 15, 2024 (the "Engagement Letter"), attached as **Exhibit 1** to the Weber Declaration.  The Debtors request that the Court approve the retention of Paul, Weiss, as attorneys to perform the extensive legal services that will be required during these chapter 11 cases.

8.     This Application is filed within 30 days of the Petition Date and, pursuant to Local Rule 2014-1 and paragraph 47 of the Complex Case Procedures, the Application is deemed contemporaneous with the Petition Date and entitled to *nunc pro tunc* relief.  *See* Local Bankr. R. 2014-1(b)(1) ("If an application for approval of the employment of a professional is made within 30 days of the commencement of that professional's provision of services, it is deemed contemporaneous."); *see also* Complex Case Procedures, ¶ 47.

**Paul, Weiss's Qualifications**

9.      These chapter 11 cases are complex and require counsel with expansive experience and knowledge in, among other areas, the fields of debtors' and creditors' rights, litigation, tax, employee compensation and benefits, finance, and securities laws.  Paul, Weiss is a full-service law firm with a national and international presence and has experience and expertise in every major substantive area of legal practice.  Paul, Weiss has been extensively involved in major chapter 11 cases and has represented debtors in many such cases, including, among others:  *In re Hornblower Holdings LLC*, No. 24-90061 (MI) (Bankr. S.D. Tex. Feb. 21, 2024); *In re National Cinemedia, LLC*, No. 23-90291 (DRJ) (Bankr. S.D. Tex. Apr. 11, 2023); *In re Diamond Sports Group, LLC*, No. 23-90116 (CML) (Bankr. S.D. Tex. Mar. 14, 2023); *In re Proterra Inc*, No. 23-11120 (BLS) (Bankr. D. Del. Aug. 7, 2023); *In re Ryze Renewables II, LLC*, No. 23-10298 (BLS) (Bankr. D. Del. Mar. 9, 2023); *In re Party City Holdco Inc.*, No. 23-90005 (DRJ) (Bankr. S.D. Tex. Jan. 17, 2023); *In re Revlon, Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. June 15, 2022); *In re Madison Square Boys & Girls Club, Inc.*, No. 22-10910 (SHL) (Bankr. S.D.N.Y. June 29, 2022); *In re Salem Harbor Power Development LP*, No. 22-10239 (MFW) (Bankr. D. Del. Mar. 23, 2022); *In re The Collected Group, LLC*, No. 21-10663 (LSS) (Bankr. D. Del. Apr. 5, 2021); *In re Templar Energy LLC*, No. 20-11441 (BLS) (Bankr. D. Del. June 1, 2020); *In re Diamond Offshore Drilling, Inc.*, No. 20-32307 (DRJ) (Bankr. S.D. Tex. Apr. 26, 2020); *In re Foresight Energy LP*, No. 20-41308 (Bankr. E.D. Mo. Mar. 10, 2020); *In re Pioneer Energy Services Corp.*, No. 20-31425 (DRJ) (Bankr. S.D. Tex. Mar. 1, 2020); *In re Bumble Bee Parent, Inc.*, No. 19-12502 (LSS) (Bankr. D. Del. Dec. 18, 2019); and *In re Jack Cooper Ventures, Inc.*, No. 19-62393 (PWB) (Bankr. N.D. Ga. Aug. 6, 2019).

10.      As of April 15, 2024, MLN TopCo, Ltd., Mitel Networks (International) Limited, and their direct and indirect subsidiaries (collectively, "Mitel") retained Paul, Weiss to advise

Mitel in analyzing and implementing strategic alternatives.  In this role, Paul, Weiss has gained significant institutional knowledge of the Debtors' business, affairs, and many of the legal issues that may arise during these chapter 11 cases.

11.  The Debtors have been informed that Paul M. Basta and John T. Weber, partners of Paul, Weiss, as well as other partners of, counsel to, and associates of Paul, Weiss who will be working on this matter, are members in good standing of the applicable state bar(s) in which they are admitted to practice.

12.  For the foregoing reasons, the Debtors believe that Paul, Weiss is specially situated and well-qualified to represent them in these chapter 11 cases in a most efficient manner. Accordingly, the Debtors believe that the retention of Paul, Weiss is necessary and in the best interests of the Debtors, their estates, and creditors.

## Services to Be Provided

13.  The Debtors have requested that Paul, Weiss render services in connection with the following:

(a)  providing legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their business and management of their properties;

(b)  attending meetings and negotiating with representatives of creditors and other parties in interest and advising and consulting on the conduct of these chapter 11 cases, including the legal and administrative requirements of operating in chapter 11;

(c)  taking necessary action to protect and preserve the Debtors' estates;

(d)  preparing and prosecuting on behalf of the Debtors all motions, applications, answers, orders, reports, and papers necessary to the administration of the estates;

(e)  advising and assisting the Debtors with financing and transactional matters as such may arise during the chapter 11 cases;

(f)     appearing in Court and protecting the interests of the Debtors before the Court; and

(g)     performing all other legal services for the Debtors that may be necessary and proper in these chapter 11 cases.

Paul, Weiss has stated its desire and willingness to act in these chapter 11 cases and render the necessary professional services as attorneys for the Debtors.

### Professional Compensation

14.     The professional services of Paul, Weiss are necessary to ensure that all matters related to the Debtors' chapter 11 cases are handled in a diligent and expeditious manner. Paul, Weiss practices in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the Firm's expertise, performance, and reputation, the nature of the work involved, and other factors. Paul, Weiss has advised the Debtors that, subject to this Court's allowance of compensation and reimbursement of expenses in accordance with applicable general orders and fee guidelines of this Court, sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other orders of the Court, it will charge the Debtors for its legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered, and for reimbursement of all costs and expenses incurred in connection with these chapter 11 cases, as set forth in the Weber Declaration filed concurrently herewith.

15.     The hourly rates set forth in the Weber Declaration are the Firm's standard hourly rates and are in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered.  These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses, and are revised on an annual basis.  The current standard hourly rates for Paul, Weiss's attorneys and paralegals range from $2,245.00 to $2,595.00 for partners, $1,995.00 for counsel,

$705.00 to $1,695.00 for associates and staff attorneys, and $175.00 to $560.00 for paraprofessionals.

16.     These rates are subject to periodic adjustment to reflect economic and other conditions.[3] The Firm has not agreed to any variations from, or alternatives to, its standard billing arrangements for this engagement.

17.     The following attorneys will have primary responsibility for representing the Debtors in these chapter 11 cases:

| Name | Years of Experience | Current Hourly Rate |
|------|:---:|:---:|
| Paul M. Basta | 33 | $2,595.00 |
| John T. Weber | 13 | $2,350.00 |
| Douglas R. Keeton | 11 | $1,995.00 |
| Martin J. Salvucci | 7 | $1,695.00 |
| Shafaq Hasan | 6 | $1,695.00 |
| Tyler F. Zelinger | 5 | $1,675.00 |
| Lucian Wang | 4 | $1,595.00 |
| Dolan D. Bortner | 3 | $1,470.00 |

Other Paul, Weiss lawyers will be consulted and may appear on behalf of the Debtors in these chapter 11 cases, as necessary.

18.     In addition, Paul, Weiss customarily charges its clients for various costs and expenses incurred, including, among other things, certain telephone and telecopier toll and other

---

[3]     Paul, Weiss, like other law firms, typically increases the hourly billing rate of attorneys and paraprofessionals once a year, which increase includes (a) ordinary step increases related to the advancing seniority or promotion of an attorney or paraprofessional (a "Step Increase") and (b) periodic rate increases with respect to each level of seniority. The Step Increases do not constitute "rate increases" (as the term is used in the Fee Guidelines).

charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime.  The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

### Compensation Received by Paul, Weiss

19.     Per the terms of the Engagement Letter, Paul, Weiss received advanced payment retainers in connection with this engagement, including on (a) April 30, 2024, in the amount of $400,000.00, (b) May 24, 2024, in the amount of $400,000.00, (c) June 7, 2024, in the amount of $400,000.00, (d) September 27, 2024, in the amount of $400,000.00, (e) October 31, 2024, in the amount of $1,200,000.00, (f) November 12, 2024, in the amount of $1,200,000.00, (g) November 26, 2024, in the amount of $500,000.00, (h) December 3, 2024, in the amount of $500,000.00, (i) December 9, 2024, in the amount of $500,000.00, (j) December 16, 2024, in the amount of $500,000.00, (k) December 20, 2024, in the amount of $250,000.00, (l) December 24, 2024, in the amount of $1,050,000.00, (m) January 10, 2025, in the amount of $1,000,000.00, (n) January 23, 2025, in the amount of $1,000,000.00, (o) February 7, 2025, in the amount of $1,125,000.00, (p) February 25, 2025, in the amount of $1,875,000.00, (q) February 25, 2025, in the amount of $500,000.00, (r) February 28, 2025, in the amount of $250,000.00, (s) March 3, 2025, in the amount of $500,000.00, (t) March 6, 2025, in the amount of $750,000.00, and (u) March 7, 2025, in the amount of $200,000.00.  Prior to the Petition Date and on the dates set forth in the Weber Declaration, Paul, Weiss applied all retainer amounts received.  Other than as set forth herein, Paul, Weiss did not receive any other payments from the Debtors in connection with this matter during the 90 days immediately preceding the Petition Date.

As of the Petition Date, the Debtors did not owe Paul, Weiss any amounts for legal services rendered prior to the commencement of these chapter 11 cases.

20.     Pursuant to Bankruptcy Rule 2016(b), Paul, Weiss has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with partners, counsel, associates, contract attorneys, and other personnel associated with Paul, Weiss or (b) any compensation another person or party has received.

### Efforts to Avoid Duplication of Services

21.     By separate application, the Debtors have asked or will ask the Court to approve the retention of:   (a) Porter Hedges LLP, as proposed co-counsel to the Debtors; (b) FTI Consulting, Inc., as proposed financial advisor to the Debtors; (c) PJT Partners, Inc., as proposed investment banker to the Debtors; (d) Stretto, Inc., as claims, noticing, and solicitation agent; (e) Ernst & Young LLP, as proposed audit and tax service provider to the Debtors; and (f) KPMG LLP, as proposed tax consultant to the Debtors (collectively, the "Chapter 11 Professionals").

22.     The Debtors may also file applications to employ additional professionals. Paul, Weiss will work closely with the Chapter 11 Professionals retained by the Debtors to delineate their respective duties to prevent duplication of services to the furthest extent possible. It is anticipated that the coordination of efforts of these professionals will greatly aid in the efficient and effective administration of these chapter 11 cases.

### Paul, Weiss's Disinterestedness

23.     To the best of the Debtors' knowledge, as set forth in the Weber Declaration, (a) Paul, Weiss is "disinterested" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and (b) neither Paul, Weiss nor any of the partners, counsel, associates, or paralegals of Paul, Weiss have any

connection with or hold or represent an interest adverse to any of the Debtors, their affiliates, or their estates, except as specifically disclosed in the Weber Declaration.  If any new relevant facts or relationships are discovered, Paul, Weiss will use reasonable efforts to identify such developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

### Supporting Authority

24.     The Debtors seek retention of Paul, Weiss as their attorneys pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

25.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

26.     The Debtors submit that for all the reasons stated above and in the Weber Declaration, the retention and employment of Paul, Weiss as counsel to the Debtors is necessary and in the best interests of the Debtors and their estates and complies with the requirements of section 327(a) of the Bankruptcy Code.   Further, as stated in the Weber Declaration, Paul, Weiss is a "disinterested person" within the meaning of section 101(14)

of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as specifically disclosed in the Weber Declaration.

### Notice

27.     Notice of this Application has been provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Local Rules, and is sufficient under the circumstances.  Without limiting the forgoing, due notice was afforded, whether by facsimile, electronic mail, overnight courier, or hand delivery, to parties in interest or their respective counsel, including:  (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the administrative agents under the Prepetition Credit Documents; (d) counsel to the Ad Hoc Group; (e) counsel to the DIP Agent; (f) the United States Attorney's Office for the Southern District of Texas; (g) the Internal Revenue Service; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

## **Conclusion**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: March 14, 2025　　　　　Respectfully submitted,

*/s/ Gregory Hiscock*
Gregory Hiscock
General Counsel
Mitel Networks Corporation

## <u>Certificate of Service</u>

I certify that on March 14, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *John F. Higgins*
John F. Higgins